Hopper Biddle *vs.* Board Of Trustees Of New Castle County Workhouse.

(*June 13*, 1927.)

Pennewill, C. J., and Harrington, J., sitting.

*Robert Adair* for plaintiff.

*Clarence A. Southerland*, Attorney-General, and *James R. Morford*, Deputy Attorney-General, for the Board of Trustees of New Castle County Workhouse.

Superior Court for New Castle County, May Term, 1927.

PENNEWILL, C. J., delivering the opinion of the Court:

The petitioner, Hopper Biddle, seeks by *habeas corpus* to be discharged from imprisonment in the New Castle County Workhouse where he claims he is unlawfully detained.

He was sentenced by the Municipal Court of the City of Wilmington on October 29, 1925, to be imprisoned in said Workhouse for the term of one year for nonsupport, after he had been adjudged guilty of that offense.

Prior to the sentence and during the long period of litigation connected with the charge which was originally made in August, 1919, the petitioner had been imprisoned in the city lockup, a place of temporary detention, from time to time as follows:

Two days, September 10 and 11, before sentence and preceding an appeal to the Superior Court, which was dismissed; two days after the dismissal of his writ of error by the Supreme Court and after he was retaken on a capias, but before resentence on March 12, 1927.

The six days, October 29 to November 3, were served in the Workhouse, and were a part of the sentence of October 29, 1925.

The petitioner contends that the days he was confined in the city lockup were a part of the sentence imposed and when added to the resentence of one year on March 12, 1927, made his imprisonment greater than that authorized by statute, and his sentence was, therefore, void. For that reason he asks to be discharged from custody.

The State claims (1) that the days the petitioner was detained in the city lockup were not a part of the sentence of October 29, 1925, and that the purported resentence of March 12, 1927, after the dismissal of the *certiorari* and writ of error, was a nullity, and should be disregarded; (2) that even if they were a part of the sentence, and made it more than a legal sentence of one year, the mistake did not invalidate or render void the entire sentence but only the excess time over the period of one year; (3) that even if the sentence was entirely void because excessive the mistake cannot be taken advantage of by *habeas corpus*.

Respecting its first point the State says, that the time the pe-

titioner spent in the city lockup, which is not a place where a sentence is to be executed, cannot be considered as time served under the sentence which committeed him to the Workhouse; that his confinement in the lockup was caused by his own acts; that the writ of *certiorari* merely suspended the execution of the sentence of October 29, 1925, and that the purported resentence of March 12, 1927, after dismissal of the writ of error, was unnecessary and ineffective; that there cannot be a change in the sentence after a *certiorari* or writ of error is dismissed, and the petitioner is now serving the balance of the original sentence of October 29, 1925, under the commitment of that date which the Warden of the Workhouse still has; that the commencement and ending of a sentence although required by statute, is only directory and not of the essence, the term being the important thing; that after the dismissal of the *certiorari* by the Superior Court, a procedendo was received by the Municipal Court which reads as follows:

"You are authorized to proceed with your execution as if said writ of *certiorari* had not been issued."

We express no opinion on the State's contention respecting the resentence. It does not seem to be consistent with the practice, which is to resentence after the execution of the original sentence has been suspended by *certiorari* or writ of error. We are, however, inclined to believe that the days the petitioner was confined in the city lockup were not a part of the sentence imposed.

In support of its first contention, the State cites the cases of *Dimmick v. Tompkins*, 194 *U. S.* 540, 24 *S. Ct.* 780, 48 *L. Ed.* 1110, and *Ex parte Duckett*, 15 *S. C.* 210, 40 *Am. Rep.* 694.

[1] There is abundant authority supporting the State's second point, viz.:

"That where the Court imposed a sentence in excess of that authorized by law, the whole sentence is not illegal and void, but is valid to the extent the Court had the power, and void merely as to such excess."

The reason underlying this principle is that a legal conviction should not be defeated, and the prisoner discharged because the Court inadvertently or mistakenly imposes a sentence in excess

of that authorized by law, when the excess can be separated from that which is valid.

Our conclusion upon this branch of the case is that if a defendant has been legally convicted, and the Court, in imposing sentence for the offense, mistakenly imposes a longer term than that authorized by law, such mistake should not defeat the conviction by effecting the discharge of the prisoner if the invalid part is separable from that which is valid. While the sentence is not valid and legal for the whole term it is for that part authorized by the statute. Such conclusion is logical and reasonable, and the defendant has no just reason to complain. The State is protected, the conviction is undisturbed and the prisoner is not injured by the mistake because his discharge will be granted when he has served the legal part of the sentence.

The following authorities, to which many others might be added, fully sustain our conclusion: *Corpus Juris, p.* 1312, § 3093; *Halderman's Case,* 53 *Pa. Super. Ct.* 554; *In re Bonner,* 151 *U. S.* 242, 14 *S. Ct.* 323, 38 *L. Ed.* 149, 55 *Am. St. Rep.* 267, 51 *L. R. A.* (N. S.) 377, note 2, in which it is said:

" The general rule is well settled, * * * that a prisoner is not entitled to discharge on *habeas corpus* because of an excessive sentence, where he has not suffered that part of the penalty which the Court could legally impose, and the valid and invalid parts are separable. * * * The recent cases generally appear to hold that a sentence which imposes a longer term of imprisonment than that authorized is separable in the sense that before the prisoner has served such term as the Court was authorized to impose, he will not be released on *habeas corpus.*"

A number of cases are cited, both in L. R. A. and in Corpus Juris.

If the sentence imposed on the petitioner was excessive and invalid, can the mistake or error be taken advantage of by *habeas corpus?*

It is well settled law that the writ of *habeas corpus* is not a writ of error, and it is generally held that errors or irregularities, which, if presented to an Appellate Court by way of appeal or writ of error, must result in the reversal of the judgment, are not sufficient for that reason, as grounds for the release of the prisoner upon application for a writ of *habeas corpus.* It seems that the

ground on which the Court will give relief on *habeas corpus* in a case of this kind is where there is want of jurisdiction over the person or cause, or some other matter rendering the proceeding void, as distinguished from what is merely erroneous.

■ Before a prisoner can be discharged upon *habeas corpus* it must appear that he is serving by virtue of a judgment which the court had no power to impose. As long as he is serving an imprisonment within the limits of a term which the Court might lawfully impose, acting within its power and jurisdiction, he cannot be discharged on *habeas corpus*, no matter how irregular or erroneous the judgment may be. It is generally held that *habeas corpus* lies only to determine the question of jurisdiction and the lawful power of the custodian to hold the petitioner in custody, and is not available as a sutstitute for an appeal, writ of error or other revisory remedy for the correction of errors either of law or of fact. 29 *C. J.* 25, § 19; *Sennott's Case*, 146 *Mass.* 489, 16 *N. E.* 448, 4 *Am. St. Rep.* 344; *Ex parte Shaw*, 7 *Ohio St.* 81, 70 *Am. Dec.* 55; *In re Graham*, 74 *Wis.* 450, 43 *N. W.* 148, 17 *Am. St. Rep.* 174, 51 *L. R. A.* (*N. S.*) 25, note 2.

■ The petitioner's contention is that he is unlawfully confined in the Workhouse, unlawfully deprived of his liberty, and for that reason his petition for a writ of *habeas corpus* should be granted and he be discharged. The Court are of the opinion that the petitioner has not yet served the sentence legally imposed, or the part of the sentence the Court had the power to impose; that he is, therefore, still lawfully detained, and his petition must be denied.

■ And the Court are further of the opinion that if the sentence was erroneous the writ of *habeas corpus* is not the appropriate remedy for the correction of the error.

There is one case in our own State that may be inconsistent with some of the rulings in the present case, and it is *Kozlowski v. Board of Trustees*, 2 *W. W. Harr.* (*32 Del.*) 29, 118 *A.* 596. Upon this case the petitioner naturally relies. He cites no other authority but invokes in his behalf the rule of stare decisis.

The Judges sitting in the present were also in the Kozlowski Case, but in the presentation of the last mentioned case no au-

thorities were cited, and in fact, scarcely any argument was made. No serious contention was made by the State that the days during which the defendant was in custody prior to his sentence were not a part of the sentence. Indeed it was practically conceded that the defendant had been sentenced for more than one year, and that, therefore, the entire sentence was void.

█ We realize the importance and value of the law of "stare decisis," and that it should be observed unless there is good reason to disregard it. But if the court is satisfied, after full argument and consideration in a subsequent case, that a decision given in an earlier case was erroneous, it is the duty of the Court, in the interest of justice and the proper administration of the law, to disregard the earlier ruling. Such is our feeling in the instant case, because after a consideration of the authorities now presented for the first time, and the reasons given for the decisions, we are convinced that the decision rendered in the Kozlowski Case was incorrect in so far as it conflicts with our conclusions in the instant case.