FLOYD MULLIN, Defendant Below, *v.* THE STATE OF DELAWARE, on complaint of Ralph F. Williams, Const. Sussex County, Delaware, Plaintiff Below.

534

(*August* 11, 1937.)

RODNEY, J., sitting.

*Tunnell and Tunnell* for the Defendant Below.

*Caleb M. Wright* for the State.

Superior Court for Sussex County, June Term, 1937.

RODNEY, J., delivering the opinion of the Court:

The correctness of the argument of the Defendant Below that a sentence can neither be in the alternative or ambiguous is, of course, admitted by the State. The question is whether the sentence is either ambiguous or in the alternative. In my opinion it is neither. A fair inspection of the entire record shows that the Justice imposed a sentence of 30 days in jail and a fine of $200.00 and costs, and that the Justice also imposed a term of imprisonment of six months for the non-payment of the fine and costs.

Whether the Justice had the power to impose this particular term for the non-payment of the fine and costs is the sole question for my determination and involves a construction of the pertinent statutes and this can best be had by a study of the statutes and amendments from the time of their enactment.

*Section* 5681 of the *Code* of 1935 can be dismissed from further consideration, as this statute merely prescribes the penalty after his conviction of the offense of driving a motor 'vehicle under the influence of intoxicating liquor, a fine of $100.00 to $500.00, or imprisonment for 30 days, or both fine and imprisonment. Both were imposed, and the fine not being paid the sole question relates to the entirely distinct imprisonment for the non-payment of the fine and costs.

*Section* 4461 of the *Code* of 1935 (as set out in the statement of facts) simply provides for the length of time a person shall serve in commutation of a fine and costs imposed by a Municipal Court or a Justice of the Peace. There is no power in the Municipal Court or Justice of the Peace to fix the term of imprisonment, but this term is expressly declared by the statute itself. The statute had its origin in 1879 (*Vol.* 16, *c.* 138, *p.* 201) which provided a fixed term of thirty days for the non-payment of a fine and costs imposed by a Mayor of the city or Justice of the Peace. This was amended in 1881 (*Vol.* 16, *c.* 529, *p.* 701), which struck out the fixed term of 30 days and substituted the graduated term according to the amount of the fine, as we have it today. This was continued in the *Code* of 1852 as amended to 1893, at page 977 (16 *Del. Laws, c.* 138) and in the *Code* of 1915, as *Section* 3961, with the exception that for "Mayors of cities" the expression was changed to "Municipal Courts." In this form it now appears as *Section* 4461 of the *Code* of 1935. As stated, there nowhere appears in any of these statutes any power in the

Justice of the Peace to fix a term for the non-payment of a fine and costs. The term of six months fixed by the Justice in the present case is in excess of the sixty day maximum provided by the statutes above mentioned.

We must now consider *Section* 5303 of the *Code* of 1935, as set out in the statement of facts. This statute had its origin in 1826 (*Vol.* 6, *c.* 362, *p.* 742) where the Court, in the event of the non-payment of a fine, was given power to dispose of such delinquent person as a servant for a term not exceeding seven years, where such disposition was no part of the punishment itself (See *Code* of 1829, *page* 147).

In 1829 a statute was passed (*Vol.* 7, *c.* 130, *p.* 247) (*Code* of 1829, *p.* 359) which gave Justices of the Peace power to fine in cases of assault and battery and provided that the defendant, in case of such fine, should be committed until payment. This statute was amended in 1837 (*Vol.* 9, *c.* 46, *p.* 63) giving the Court of General Sessions power in cases of such commitment to dispose of the prisoner for a term not exceeding one year, and also power to discharge a white person if it appeared that he was unable to pay the fine.

The foregoing was the situation in 1852 when a new Code was adopted which by *Section* 2926 for the first time consolidated the provisions relating to convictions before the Court of General Sessions and Justices of the Peace, and provided that in the case of a white person failing to pay a fine that the Court should make an order that such person be imprisoned for the term of three months and then discharged; in the case of a negro or mulatto person that such person be sold for a term not exceeding seven years.

When the *Revised Code* was amended in 1874, all discrimination between white persons and negroes was omitted

(Probably pursuant to the amendment of the *Federal Constitution*), and it was provided on page 795 (*c.* 33, § 10) that if any person was unable to pay a fine the Court should make an order that he be imprisoned for a term not exceeding three months, then discharged.

In 1881 it was provided by *Vol.* 16, *c.* 549, *p.* 717, that if no order had been made by the Court at the term or a succeeding term, that the Resident Judge should have power to make the order, on proof of the defendant's inability to pay the fine.

In 1903 a statute (*Vol.* 22, *c.* 469, *p.* 986) struck out the term of "three months" as a maximum term for the non-payment of a fine, and substituted the term of "one year," and in this form the statute became *Section* 4815 of the *Code* of 1915.

In 1934 the statute was again amended (*Vol.* 34, *c.* 238, *p.* 546) by adding a provision that a Justice of the Peace imposing a fine might have the same power formerly exercised by the Resident Judge to discharge a prisoner upon the petition of such prisoner, and proof of his inability to pay the fine and costs, and in this form the statute has become *Section* 5303 of the *Code* of 1935.

In no statute herein discussed does there appear any power in a Justice of the Peace to fix a term of imprisonment for the non-payment of a fine. While it is true that a Justice of the Peace, under *Section* 5303, has power to discharge a prisoner who is unable to pay the fine, yet the power of fixing a term of imprisonment for the non-payment of the fine has never been granted by any statute to a Justice of the Peace. On the contrary, *Section* 4461 expressly fixes the term of imprisonment for the non-payment of fines resulting from hearings before a Justice of the Peace, and as to commitments under this section, the Justice has

power to discharge the prisoner on his inability to pay the fine, such power being granted by *Section* 5303.

I am therefore of the opinion that the imprisonment imposed by the Justice, of six months for the non-payment of the fine, was in excess of any power granted by the statutes of the State of Delaware.

It now becomes material to consider the effect of a valid sentence of imprisonment and fine and the imposition of an invalid term for the non-payment of the fine.

The justice had full power to impose the sentence of imprisonment and fine and was without power to impose an additional term of six months for the non-payment of the fine as the law itself had fixed the exact term, being a maximum of sixty days, for such non-payment. It is not necessary to determine whether it was at all required of the Justice to mention the additional imprisonment for the non-payment of the fine since the Statute had done so. It has been determined in such a case that no such necessity exists. *Jackson v. Boyd, Sheriff,* 53 *Iowa* 536, 5 *N. W.* 734.

The fine and the term of imprisonment constitute the sentence and the additional imprisonment for non-payment of the fine is simply a method of carrying the sentence into effect by enforcing the payment of the fine.

I am of the opinion that the imprisonment for non-payment of the fine is a distinct and separable matter from the fine itself. *In re Sullivan,* 3 *Cal. App.* 193, 84 *P.* 781; *Lowrey v. Hogue,* 85 *Cal.* 600, 24 *P.* 995; *People v. Kerr,* 15 *Cal. App.* 273, 114 *P.* 584; *Reese v. Olsen,* 44 *Utah* 318, 139 *P.* 941.

While there are authorities to the contrary the weight of modern authority holds that where part of a sentence imposed as a punishment for crime is illegal, if the part that is valid can be separated from the rest it will

be enforced. 8 *R. C. L., p.* 237; 16 *C. J., p.* 1312; *American Digest System (Cent. Dig., Criminal Law,* § 2528; *Decennial Digests, Criminal Law,* 991). This was the holding in *Biddle v. Trustees of Workhouse,* 3 *W. W. Harr.* (33 *Del.*) 425, 138 *A.* 631, where it is said in syllabus:

"Sentence imposed by mistake for longer term than that authorized by law does not defeat legal conviction, if invalid part is separable from valid part, but is valid and legal for part authorized by statute."

It is true that *Biddle v. Trustees, supra,* arose on *Habeas Corpus* while the present question was presented in *certiorari* proceedings, but the legal principle remains the same and it is only material to inquire if it can be applied in *certiorari* proceedings.

It is admitted that in *certiorari* proceedings no new judgment can be entered as in proceedings in error, but this does not necessarily mean that in *certiorari* proceedings the entire judgment below must be either affirmed or reversed.

In *Marshall v. Burton,* 5 *Harr.* 295, the Court found no error in the record below, but did find error in the assessment of costs. The Court viewed the matters as separable and affirmed the judgment by striking out the illegal costs.

In *City of St. Albans v. Avery,* 95 *Vt.* 249, 114 *A.* 31, 32, the right of a Court in *certiorari* to sustain a portion of a judgment was extensively reviewed. *Certiorari* to U. S. Supreme Court was denied (*Fonda v. City of St. Albans,* 257 *U. S.* 640, 42 *S. Ct.* 51, 66 *L. Ed.* 411) and Writ of Error dismissed (257 U. S. 666, 42 *S. Ct.* 54, 66 *L. Ed.* 425). In this case the Court considered both civil and criminal cases and held:

"On *certiorari*, when the order or judgment under review consists of distinct determinations of legal and illegal matters which are independent of and disconnected with each other, the illegal part may be quashed, leaving the remainder an entire * * * judgment as affirmed."

In Massachusetts it has been held that in *certiorari* proceedings the Court may quash part of the proceedings of an inferior Court and affirm part if one is independent of and unconnected with the other; and this in both civil and criminal cases.

Parsons, C. J., reached this conclusion in *Com. v. Blue-Hill Turnpike Corp.*, 5 *Mass.* 420, as did Chief Justice Parker in *Com. v. Derby*, 13 *Mass.* 433, where a sentence was divisable and part was affirmed and part reversed.

■ The present case included both valid and invalid provisions, and because in a criminal case involving imprisonment the proceedings must be remanded to the Justice for re-sentence, so a procedendo should issue to the Justice authorizing him to proceed with the sentence except insofar as it has herein been held to be illegal which said procedendo may be in the following form:

"State of Delaware ⎱ ss.
County of Sussex ⎰

"Whereas a Writ of *Certiorari* did issue out of the Superior Court of the State of Delaware in and for Sussex County, at the instance of Floyd Mullin against the State of Delaware, directing Patrick H. Hearn, Esquire, to send up to the Court the record and proceedings had in a certain criminal proceeding tried before him, wherein the State of Delaware was prosecutor and the said Floyd Mullin defendant;

"And whereas after due inquiry made by the Court at the June Term, 1937, it was ordered by the Court that the said judgment below be affirmed except for the illegal and severable part of said judgment, wherein the defendant was sentenced to serve six months' imprisonment in the Sussex County jail for the nonpayment of the fine.

"You are therefore authorized to proceed with the execution of your judgment, or sentence, except insofar as herein it is held to be illegal, as if the Writ of *Certiorari* had not been issued.

"Witness the Honorable Daniel J. Layton, Chief Justice of the State of Delaware, at Georgetown, this ——— day of ———, A. D. 1937.

———————,
"Prothonotary."