IN THE MATTER OF FREDDIE DOOLEY, Petitioner, v. W. PAUL RHODES, Warden, and THE TRUSTEES OF THE NEW CASTLE COUNTY CORRECTIONAL INSTITUTE, Respondents.

(*July* 24, 1957.)

HERRMANN, J., sitting.

*James P. D'Angelo* and *Stanley T. Czajkowski* for the petitioner.

*Wilfred J. Smith, Jr.,* Deputy Attorney-General, for the respondents.

Superior Court for New Castle County, No. 711, Civil Action, 1957.

HERRMANN, J.:

The question presented is whether a justice of the peace has the power to impose a definite term of imprisonment for non-payment of a fine.

The petitioner was convicted by a Justice of the Peace for driving under the influence of intoxicating liquor. Since this was his second offense, the mandatory sentence was imposed, *i.e.,* that he pay a fine of $500 and be imprisoned for a term of 60 days. See 21 *Del. C.* § 4111 (a). For failure to pay the $500 fine, the Justice of the Peace also sentenced the petitioner to imprisonment for an additional 150 days. The petitioner has served more than 60 days and now seeks release on the ground that the Justice of the Peace lacked the power to impose the additional term of imprisonment for failure to pay the fine.

The basic power to imprison for non-payment of fines is clearly vested in justices of the peace by 11 *Del. C.* § 5919 (b) which provides:

"(b) Upon imposing any fine, the justice of the peace shall charge a constable or other peace officer present with the defendant, and enter the officer's name on his docket, and if the fine and costs be not paid to the justice, the constable or other peace officer, shall convey the defendant to jail, for which a commitment shall be a sufficient warrant."

It is to be noted, however, that § 5919 (b) is silent as to the duration of the incarceration to follow non-payment of a fine imposed by a justice of the peace. I am of the opinion that this void is filled by 11 *Del. C.* § 4103 which provides:

"§ 4103. Non-payment of fines and costs; imprisonment and discharge

"(a) If any person, imprisoned for non-payment of any fine, or costs, whether imposed by a court, or by a justice of the peace, or any convict sentenced to pay restitution money, or fine and costs, is unable to pay the same, the court shall make an order that such person be imprisoned for a term of not more than one year and then discharged. The costs upon such discharge, or any balance thereof remaining unpaid, shall be paid by the county.

"(b) If no order has been made by the court or justice of the peace at the time or term when the sentence was made or fine imposed, or at a succeeding term, the court or justice of the peace imposing the sentence or fine, or the Resident Judge of the county wherein the trial was had may make an order discharging the prisoner from custody upon petition of the prisoner and proof of his inability to pay the fine, restitution money and costs. * *."

The petitioner calls attention to the language in § 4103(a) "the court shall make an order that such person be imprisoned for a term of not more than one year". He points out that there is no express grant to justices of the peace of the power to set the term of imprisonment. He contends that the language is clear and unambiguous, that there is no room for construction and that, therefore, only "the court", *i. e.*, the Superior Court, has the power to determine the duration of the imprisonment to be served for failure to pay a fine imposed by a justice of the peace.

I am of the opinion that there is ambiguity in § 4103 requiring interpretation. In three places in the Statute the words "or justice of the peace" follow and supplement the word "court". In one place only does the word "court" appear alone. Furthermore, the opening words of § 4103(b) clearly contemplate the grant, in § 4103(a), to justices of the peace of the power to set a term of imprisonment for non-payment of a fine.

■ It is manifest, I think, that the words "or justice of the peace" were inadvertently omitted from the clause in § 4103 (a) reading "the court shall make an order" and that the omitted words must necessarily be implied in order to effectuate the legislative intent and to save the Statute from being irrational. Every part of a statute must be construed in connection with every other part so as to produce a harmonious whole. See 2 *Sutherland Statutory Construction* (3rd Ed.) §§ 4924, 4703, 4704.

■ I do not think it reasonable to conclude that the Legislature intended that the Superior Court must become involved in every case in which it is necessary to set a term of imprisonment for failure to pay a fine imposed by a justice of the peace. It would be impracticable and unrealistic to so provide and I am unwilling to assume that the Legislature so intended. While courts proceed with great caution in supplying omissions in statutes, they may do so "where the intent to have the statute so read is plainly verifiable from the other parts of the statute, as, for example, where the ordinary interpretation would lead to consequences so mischievous and absurd that it is clear that the Legislature could not have so intended." *Trader v. Jester*, 1 *Terry* 66, 1 *A.* 2d 609, 612. This, I think, is such a situation.

The petitioner relies upon *Mullin v. State*, 8 *W. W. Harr.* 533, 194 *A.* 578, in his opposition to the foregoing conclusion. In that case, this Court considered 1935 *Code* ¶ 5303, which was re-enacted in the 1953 *Code* as 11 *Del. C.* § 4103, and 1935 *Code* ¶ 4461 which was omitted altogether from the 1953 *Code*.[1] Thus,

---

[1] 1935 *Code* ¶ 4461 provided as follows:

"Every person who shall be committed to any jail or workhouse of the State, in default of the payment of any fine imposed and costs arising in any proceeding before the Municipal Court of a city or a Justice of the Peace in this State, except fines for contempt, shall be discharged at the expiration of twenty days if the fine be under five dollars, forty days if the fine be five dollars and under ten dollars, and sixty days if the fine be ten dollars or over, from the date of such commitment; and it shall be the duty of the keeper of the jail or workhouse to write on the back of every such commitment the date of the delivery of the person to his custody, and at the expiration of the periods of time above mentioned, if the fine and costs be not sooner paid, to discharge such persons from imprisonment. * * *"

the statutory picture has changed since the *Mullin* case. We no longer have a Statute similar to 1935 *Code* ¶ 4461 by which the Legislature itself prescribed the terms of imprisonment for non-payment of fines. The keystone of the *Mullin* decision was 1935 *Code* ¶ 4461 and, since it no longer exists, the *Mullin* case is not applicable. We must now view 11 *Del. C.* § 4103 in the light of its present status as a Statute, enacted in 1953 as positive law, which now stands alone without anything like 1935 *Code* ¶ 4461 to supplement it. Compare *Monacelli v. Grimes*, 9 *Terry* 122, 99 *A.* 2d 255.

Accordingly, it is held that the Justice of the Peace had the power to impose the additional imprisonment for 150 days for failure to pay the fine.

This holding is not to be understood, however, as an approval by this Court of the ratio of five months to $500 which was adopted by the Justice of the Peace in this case. The reasonableness of the sentence is not now before this Court.

The writ of *habeas corpus* will be discharged and the petitioner remanded.