In the Matter of Freddie Dooley, Appellant, v. W. Paul Rhodes, Warden, and The Trustees of the New Castle County Correctional Institute, Appellees.

480

(*October* 10, 1957.)

SOUTHERLAND, C. J., and WOLCOTT and BRAMHALL, J. J., sitting.

*James P. D'Angelo* and *Stanley T. Czajkowski* for appellant.

*Wilfred J. Smith, Jr.*, Deputy Attorney-General, for appellees.

Supreme Court of the State of Delaware, No. 31, 1957.

SOUTHERLAND, C. J.:

Petitioner Dooley was on April 27, 1957, convicted before a justice of the peace of the offense of operating a motor vehicle while under the influence of liquor. He was sentenced to serve a term of 60 days imprisonment and to pay a fine of $500 and the costs, and in default of the payment of the fine and costs to serve an additional term of 150 days imprisonment. Petitioner, having served the term of 60 days, filed in the Superior Court a petition for a writ of *habeas corpus*, asserting that that part of the sentence imposing an additional term of imprisonment for nonpayment of the fine is beyond the statutory powers of a justice of the peace and is illegal on its face.

After hearing the Superior Court discharged the writ, holding such power to exist. Petitioner appeals.

The question presented is:

*Has a justice of the peace, upon imposing a fine and costs for a violation of law, power to fix a term of imprisonment to be served by the offender in default of payment?*

Before the enactment of the *Code of* 1953 this question could have been readily answered in the negative. An act of 1879 (16 *Del. L.* p. 201), as later amended, specified the length of the time or times of imprisonment to be served in default of the payment of a fine imposed by a justice of the peace or municipal court.

This statute became § 4461 of the *Revised Code of* 1935. Consequently the magistrate had no authority himself to fix the term. *Mullin v. State,* 38 *Del.* 533, 194 *A.* 578.

But the statute was omitted from the *Code of* 1953, and hence repealed. 1 *Del. C.* § 103. The petitioner contends that there is now no provision of law empowering a justice of

the peace to fix a term of imprisonment for nonpayment of a fine. The State contends that such power exists under 11 *Del. C.* § 4103.

Subsections (a) and (b) of that section provide:

"(a) If any person, imprisoned for non-payment of any fine, or costs, whether imposed by a court, or by a justice of the peace, or any convict sentenced to pay restitution money, or fine and costs, is unable to pay the same, the court shall make an order that such person be imprisoned for a term of not more than one year and then discharged. The costs upon such discharge, or any balance thereof remaining unpaid, shall be paid by the county.

"(b) If no order has been made by the court or justice of the peace at the time or term when the sentence was made or fine imposed, or at a succeeding term, the court or justice of the peace imposing the sentence or fine, or the Resident Judge of the county wherein the trial was had may make an order discharging the prisoner from custody upon petition of the prisoner and proof of his inability to pay the fine, restitution money and costs."

On its face this statute appears to be readily susceptible of the construction contended for by the State. It is natural to assume that the word "court" in the concluding clause of the first sentence was intended to include a justice of the peace and that the omission of the words "or a justice of the peace" after the word "court" was inadvertent, or, alternatively, that its omission creates an ambiguity that should be resolved in favor of the power. This result appears to be supported by the language of subsection (b), in which the word "order" in the introductory clause appears to refer to the order fixing the term of imprisonment at the time of imposing sentence.

The court below so construed the statue.

But the statute must be read in the light of its legislative history and of the legislative policy evidenced by other related

statutes. When so read it becomes clear that the omission in subsection (a), above referred to, was deliberate; and that the word "order" in the introductory clause of subsection (b) refers to an order of discharge for inability to pay the fine and not to an order (so far as concerns a justice of the peace) fixing a term of imprisonment.

The case of *Mullin v. State, supra,* decided in 1937, so holds. Judge Rodney's opinion in that case sets forth in detail the legislative history of the statute. We have carefully examined the chain of statutes that eventually became § 4103. It is quite clear to us that prior to the enactment of the Code a justice of the peace did not possess the power here asserted. It is unnecessary here to set forth again all the statutes involved. We content ourselves with a brief reference to the origins of the two subsections of § 4103 above quoted.

*Subsection (a).* This section stems from § 14 of an act of 1826 (6 *Del. L.* p. 742), relating to nonpayment of fines. The context of § 14 clearly shows that the word "court" contained therein did not include justices of the peace. A subsequent enactment dealing with the same subject is equally clear, referring specifically to the Court of General Sessions. 9 *Del. L.* p. 63. The *Code of* 1852 made some changes in language in these statutes. The Court of General Sessions was not specifically referred to, the language being "a court". But the distinction in terminology between "a court" and a justice of the peace was preserved. This distinction is still preserved, *i.e.,* the distinction between magistrates' courts and other courts having jurisdiction to impose fines in criminal cases.

*Subsection (b).* This section originated in an act of 1881 (16 *Del. L.* p. 717). It is clear from the context that the "order" referred to is an order of discharge to be made upon proof of inability to pay the fine. The later amendment of 1925 (34 *Del. L.* p. 546), empowering justice of the peace to make such an order was likewise clearly not intended to confer the power here asserted. Indeed, the existence of the act of 1879, as amended (the

"commutation statute") negatives any such construction, which would entail an implied repeal of that act.

We are in accord with the conclusion announced in *Mullin v. State, supra,* on this point.

We come to the final question: What is the effect of the repeal by the 1953 Code of the "commutation statute"?

The court below held that the repeal so changed the statutory situation as to make the *Mullin* case inapplicable. The court was of opinion that the result of petitioner's contention is to cast upon the Superior Court the burden of fixing terms of imprisonment for nonpayment of fines imposed by justices of the peace. The court was unwilling to impute to the legislature such an intention. We agree that such a result would be highly unreasonable. But, as will appear hereafter, we do not think that such a result follows.

On the other hand, the State's contention also leads to a highly unreasonable result. If it is sound, a justice of the peace may inflict a sentence of a year's imprisonment for nonpayment of any fine, however small. In many cases such a term would exceed the term of imprisonment that he is permitted to fix for the offense itself. Under the commutation statute, now repealed (16 *Del. L.* p. 701), 60 days was the maximum term of imprisonment fixed by law for nonpayment of a fine imposed by a magistrate. Such an unexpected and drastic expansion of the powers of justices of the peace, in an indirect manner, is quite contrary to the policy of the General Assembly announced for more than a century. It could not have been actually intended.

■ What then was the "intention" (in the sense of purpose) of this repeal of the commutation statute?

We do not see how any specific purpose can be attributed to the legislature. We can only believe that the omission from the 1953 Code of § 4461 of the *Revised Code* was an inadvertent error. In the first place, the Revised Code Commission was instructed to make no changes in substantive law. In the second

place, if the Commissioners had regarded the repeal of § 4461 as a change of procedure only, a revisers' note to the *Code* explaining the omission would have been expected. No such note is found.

■ The code is the law, and we must take it as we find it. *Monacelli v. Grimes*, 48 *Del.* 122, 99 *A.* 2d 255. But this does not mean that the concept of legislative intent (often artificial) must be pushed to the length of imputing to the General Assembly, because of the inadvertent repeal of § 4461, the purpose either to enlarge the powers of the justices of the peace or to require the Superior Court to review every fine imposed by a justice of the peace and fix a term of imprisonment for nonpayment of the fine. We are unwilling to hold that the legislature intended either of these results, both of which would be highly unreasonable. Repeal of § 4461 was "intended", but nothing more.

It follows that § 4103 is to be construed with the same limitations that attached to it prior to the repeal.

Now, since 1879, when the original commutation statute was passed, the Superior Court has been under no duty to fix terms of imprisonment for nonpayment of fines imposed by justices of the peace. The passage of the commutation statute in effect repealed the jurisdiction of the Superior Court in that respect.

■ And the repeal of the commutation statute did not operate to revive that portion of § 4103 empowering the Superior Court to fix a term of imprisonment for nonpayment of a fine imposed by a justice of the peace. Ordinarily, when a repealing statute is itself repealed the prior statute is revived. Crawford, *Statutory Construction*, § 321. But this rule is only a rule of construction, applicable primarily to cases where the statute is repealed in express terms. In such a case a change of policy to return to the former law is indicated. *People v. Board of Supervisors*, 67 *N. Y.* 109, 117. But that conclusion flows from an inferred legislative purpose or intent to revive the former statute.

No such purpose can be spelled out of the situation here presented. It is unsound, we think, to found a conclusion on any supposed intent to change the terms or meaning of § 4103, and we are unwilling to do so.

We hold that the result of the repealer was simply to abolish the statutory terms of imprisonment for nonpayment of fines imposed by justices of the peace or municipal courts. It neither conferred upon the justices of the peace, nor restored to the Superior Court, power to fix the term of imprisonment for nonpayment of fines imposed by the justices of the peace.

It follows that a person committed to jail by the justice of the peace for nonpayment of a fine and costs must stand committed until the fine and costs are paid, as at common law. 15 *Am. Jur.*, "Criminal Law", § 543. A person so committed may, of course, be discharged by the justice of the peace upon proof of inability to pay the fine and costs, under the provisions of subsection (b) of § 4103.

The situation is an anomalous one, but it is the logical result, as we view the matter, of the error in repealing § 4461 of the 1935 *Code*. Remedial legislation is obviously called for, but the courts cannot supply it.

There remains the question of relief. Petitioner is not entitled to the relief sought, *i.e.*, discharge, unless the commitment is void. *Curran v. Woolley*, 49 *Del.* 587, 122 *A.* 2d 126. That portion of the sentence imposing a term of five months' imprisonment for nonpayment of the fine is void, but this provision of the sentence is severable. *Cf. Mullin v. State, supra.* Petitioner, not having paid the fine, was committed to jail, as required by 11 *Del. C.* § 5919 (b) in cases of nonpayment of fines. Hence his commitment was legal and he is not at the moment entitled to be discharged.

But we note that his petition for habeas corpus was filed *in forma pauperis*. This indicates that petitioner cannot pay the $500 fine imposed and is entitled to be discharged under sub-

section (b) of § 4103 upon filing an appropriate petition, provided his inability to pay the fine and costs be proved. Such a petition should ordinarily be filed with the justice of the peace, since the intent of the statute appears to be that the tribunal imposing the fine should entertain the petition for discharge. But the Resident Judge of the County is also authorized to make the order upon such a petition, and this authority covers all such cases, whether the fine shall have been imposed by the court or by the justice of the peace.

The prisoner appears to be entitled to prompt relief. We suggest that if the petition for habeas corpus and the oath *in forma pauperis* is brought to the attention of the Resident Judge, that judge, if he is satisfied of the prisoner's inability to pay, might summarily direct the Prothonotary to enter an order discharging the prisoner.

For the reasons heretofore stated, the judgment below must be affirmed.