TALMADGE BALSER, Defendant below, Appellant, v. STATE OF DELAWARE, Plaintiff below, Appellee.

(*November* 27, 1963.)

TERRY, C. J., and WOLCOTT and CAREY, J. J., sitting.

*Edward W. Schall* for appellant.

*Laird Stabler,* Deputy Attorney General, for appellee.

Supreme Court of the State of Delaware.

TERRY, Chief Justice.

This is a criminal appeal from the Superior Court

of the State of Delaware for New Castle County. The defendant, Balser, was tried and convicted of the crime of robbery in violation of 11 *Del. C.* § 811. After a presentence investigation, he was sentenced to pay the costs of prosecution, to pay a fine of $500.00, to be imprisoned for twenty-five years and to be whipped with twenty lashes.

Several assignments of error are alleged as the basis for reversal. They fall into two categories—prejudicial conduct on the part of the Trial Court and that inclusion of lashes in the sentence constitutes cruel and unusual punishment in violation of the Eighth and Fourteenth Amendments to the United States Constitution and Article I, Section 11 of the Delaware Constitution, *Del. C.*

Stating the alleged particulars as briefly as possible, counsel for the appellant urges the following errors on the part of the Trial Court:

1. Reading the presentence investigation reports of the codefendants charged with appellant, prior to the appellant's trial.

2. Failing to advise counsel for appellant of the contemplated sentencing, prior to appellant's trial, of the codefendants who had pleaded guilty to the offense of robbery.

3. Delaying imposition of sentences on the codefendants until after appellant's trial.

4. Making certain references to appellant's degree of participation in the crime and to the number of years he had previously spent in prison at the time appellant was sentenced and subsequent thereto.

5. Receiving communications from individual jurors, after conclusion of appellant's trial, urging the impo-

sition of lashes.

6. Increasing appellant's bail without first notifying him and his counsel.

7. Refusing to order the Attorney General to permit appellant to inspect and copy the presentence investigation reports of his codefendants.

We have carefully analyzed the record in this case, and conclude that the foregoing assignments of error are without merit.

The remaining assignment of error relates to the inclusion by the Trial Court of the imposition of lashes in the sentence imposed on the defendant.

The statutory sentence relating to the crime of robbery is as follows:

"Whoever feloniously takes from the person of another, by violence or by putting in fear, any money or other property or thing, which may be the subject of larceny, is guilty of robbery and a felony and shall be fined not less than $500, imprisoned not less than 3 nor more than 25 years, and may, in case of first offense, be whipped with not more than 40 lashes; provided that if the offense is otherwise than the first offense the offender shall be whipped with 40 lashes." Del. C. Title 11, § 811.

It is argued under this assignment that the inclusion of lashes as a part of the defendant's sentence constituted cruel and unusual punishment in violation of the Eighth and Fourteenth Amendments to the Constitution of the United States and Article I, Section 11 of the Constitution of the State of Delaware. We held to the contrary in Cannon v. State, Del. 190 A.2d 514 (1963), and hereby reaffirm our decision in that case.

In passing sentence, however, the Trial Court

set execution of the lashes for the first secular day after receipt of the decision from the Supreme Court of the United States in the case of *Cannon v. State,* supra. By way of background Cannon, supra, involves a challenge to the validity of such provisions in the criminal law of this State as permit the imposition of lashes for certain crimes. That case has been before us on two separate occasions and has presently been remanded to the Trial Court for correction of a procedural matter. The Cannon case is not before the Supreme Court of the United States at this time, and no one knows if it ever will be.

The statutory law of this State, however, provides:

"Whenever corporal punishment is a part of the judgment, the day for its execution shall be fixed by the sentence." 11 *Del. C.* § 3906.

The sentence imposed, insofar as it provides for lashes, does not comply with the above-cited provision of our law. We conceive that the statute contemplates the establishment of a specific date by the Trial Court when lashes are to be imposed. In the present case, no such date was set. The Trial Court merely based execution of the lashes on a contingency. Hence, it is our conclusion that where a sentence of lashes is decreed, the date for the execution thereof cannot be based on the occurrence of some future event. The date must be fixed and certain. Where it is not, that portion of the sentence relating to lashes is illegal and must be stricken.

We note, however, that of all the errors assigned by appellant, the issue of an illegal sentence, as discussed above, was never raised by him. Notwithstanding his own failure to do so we cannot permit the sentence as it relates to the imposition of lashes to stand.

A sentence which provides for more than one

mode of punishment (fine, imprisonment and lashes) is divisible, and such illegal portions thereof may be ordered stricken by this Court without affecting the validity of those other portions which are not ordered vacated by our judgment. *Mullins v. State*, 8 W.W.Harr. 533, 194 A. 578. The problem here is not the lack of authority in the Trial Court in imposing lashes as a part of the sentence, but. rather, the error occurred when the Trial Court did not conform to the provisions of the statute and fix a day certain for the execution of the sentence in respect to lashes.

For the reasons assigned, the judgment of conviction is affirmed. However, since we have determined that that portion of the sentence pertaining to lashes was illegally imposed, we hereby remand the cause back to the Trial Court with instructions to strike the sentence in its entirety and to re-sentence the defendant.