**Elizabeth HAMILTON, Plaintiff,**

**v.**

**Leon F. TRIVITS et al., Defendants.**

Superior Court of Delaware,
Kent.

May 29, 1975.

Roy S. Shiels of Brown, Shiels & Barros, Dover, for plaintiff.

Brian P. Murphy, Deputy Atty. Gen., Wilmington, for defendants.

## OPINION ON PETITION FOR COMPENSATION PAYMENTS DURING PENDENCY OF APPEAL

TAYLOR, Judge.

Plaintiff seeks mandamus against the Industrial Accident Board to compel the Board to make compensation payments to plaintiff out of the Industrial Accident Board Second Injury and Contingency Fund [Fund]. The facts are not in dispute, and, therefore, the matter is being presented for decision on the legal issues.

Plaintiff suffered a compensable industrial accident while working as an employee of Servomation, Inc., and a compensation agreement for payment of total disability was entered into between plaintiff and employer's insurance carrier. On March 9, 1973, the employer filed a petition for review of compensation alleging that plaintiff's total disability had ceased. After hearings, the Board held on June 27, 1974 that plaintiff was entitled to continue to receive workmen's compensation. The employer appealed the Board's ruling and this appeal is presently pending in this Court.

During the period from the filing of employer's petition for review until the Board ruled on that petition, plaintiff received workmen's compensation payments from the Fund. When the Board ruled upon the petition, the Board discontinued payments to plaintiff out of the Fund, and plaintiff thereafter has not received compensation payments from any source. The purpose of this petition is to require that compensation payments be made from the Fund during the pendency of the appeal in this Court.

This case turns upon the application of 19 *Del.C.* § 2347. The problem of how to deal with compensation payments for the period during the pendency of a petition for review has been the subject of different legislative approaches. 50 Del.Laws, Ch. 66, established the concept that an employee shall continue to be entitled to compensation during the pendency of such proceedings, but it provided:

"After the filing of a petition for review the compensation payable to an employee shall be paid by the employer to the Board. The Board shall retain the funds so paid until it enters an order upon the petition for review, after which it shall reimburse the employer or turn over the funds to the employee in accordance with the terms of the order."

58 Del.Laws, Ch. 529 retained the concept that the employee is entitled to compensation during pendency of the proceedings, but repealed the quoted language and substituted the following language:

"Compensation shall be paid by the Board to the employee after the filing of the employer's petition to review from the Industrial Accident Board Second Injury and Contingency Fund until the parties to an award or agreement consent to the termination or until the Board enters an order upon the employer's petition to review."

The latter statute further required the employer to reimburse the Fund if the petition is dismissed by the Board. Thus, under the latter amendment, the concept of the earlier amendment, namely, that an employee is entitled to compensation until there is a finding that he is no longer entitled to it, was implemented by providing for the continuation of the employee's

compensation during the pendency of the proceedings to be paid out of the Fund. The legislative purpose was to assure continued compensation to the injured employee until he is found not to be entitled to receive it, and the burden of bearing the cost of such compensation if the employee is ultimately determined not to be entitled to it was placed upon the Fund. Of course, it provided for reimbursement to the Fund by the employer if it is ultimately determined that the employee is still entitled to compensation.

The question, therefore, is whether under the statute, the Fund continues to carry that burden during the pendency of an appeal by the employer after the Board determines that employee is entitled to compensation or whether that burden ends upon decision by the Board.

■■■ In construing the above-quoted portion of § 2347, it is necessary to bear in mind the following language of § 2347:

"Compensation payable to an employee, under the provisions of this chapter, shall not terminate until and unless the Board enters an award ending the payment of compensation after a hearing upon review of an agreement or award . . . ."

This declares the legislative policy that an injured employee should not lose his compensation until there is an adverse decision. In determining the meaning of the provision for payment of the injured employee out of the Fund, the language should be construed in such way as to effectuate this stated policy, if such construction is reasonably possible. *Application of Penny Hill Corp.*, Del.Supr., 2 Storey 203, 154 A.2d 888 (1959); *DiSabatino v. Ellis*, Del.Supr., 184 A.2d 469 (1962); *E. I. duPont deNemours & Co. v. Clark*, Del.Supr., 32 Del.Ch. 527, 88 A.2d 436 (1952). Provisions of a statute should be construed in a manner which will harmonize the provisions. *DiSabatino v. Ellis,* supra; *Dooley v. Rhodes*, Del.Super., 11

Terry 447, 134 A.2d 260 (1957), aff'd Del. Supr., 11 Terry 479, 135 A.2d 114 (1957); *Barnes v. Pleasanton,* Del.Super., 6 Terry 326, 73 A.2d 787 (1950).

■ It is clear that 19 *Del.C.* § 2347 did not specifically focus upon the eventuality of an appeal from the Board's decision. However, the legislative draftsmen may have felt that this was unnecessary by virtue of 19 *Del.C.* § 2349 which provides that award of the Board would be final and conclusive unless an appeal is taken within twenty days after the sending of copies of the decision to the parties. The converse of the language used in § 2349 is that where an appeal is taken within the twenty-day period, the decision of the Board is not final and conclusive during the pendency of that appeal. The conclusion from this language is that prior to the expiration of the appeal period or during the appeal period if an appeal is taken, the decision of the Board is merely conditional and not final and conclusive. It appears that the phrase "final and conclusive" was intended to refer to a decision which would have binding legal effect upon the parties. *Taylor v. Hatzel & Buehler,* Del.Supr., 258 A.2d 905 (1969); *GMC v. Morgan,* Del.Super., 286 A.2d 759 (1971); *Foltz v. Pullman, Inc.,* Del.Super., 319 A.2d 38 (1974).

If § 2347 is construed to refer to a final and conclusive decision of the Board, there has been no such decision entered which would terminate employee's right to compensation under the fourth paragraph of § 2347, and there has been no final and conclusive decision of the Board upon employer's petition to review which would terminate the provision for payment out of the Fund in accordance with the fifth paragraph of § 2347. Correspondingly, there would be no final and conclusive decision of the Board which would require employer to repay the Fund as provided in the last sentence of the fifth paragraph of § 2347.

If, on the other hand, § 2347 is construed to refer to an order of the Board which has not become final and conclusive, then the Board would be justified in not making further payments from the Fund, and the employer would be required at that point to reimburse the Fund notwithstanding the pendency of the appeal.

It is noted also that the appeal provisions of the statute do not provide for a stay of the Board's order upon appeal. After this matter was presented to the Court for decision, the Court requested the attorneys to submit letter memoranda on the issue of whether the employer would be liable to make regular payments of compensation to employee during the appeal. Apparently it is conceded that the employer is not liable for such payments during the pendency of the appeal. This is consistent with 19 *Del.C.* § 2350(e). It appears that this proposition must rest upon the conclusion that in order for a decision or award of the Board to have definitive effect under the statute, the decision or award must have reached the final and conclusive stage as contemplated by § 2349.

Viewing the issue of this case from the standpoint of the legislative policy, as discussed above, namely, that an injured employee should not lose his compensation until there is an adverse decision, there appears to be no valid distinction between the period awaiting the decision of the Board and the period awaiting the decision of this Court upon an appeal from the decision of the Board—at least where the Board's decision is in favor of employee. The provision for payment from the Fund merely provided the mechanism for the payments to the employee. The same need for payment to the injured employee exists during the appeal period as during the period before the Board. Where the Board has ruled in favor of the employee, his position has been strengthened by the decision of the Board and hence, it can be said that, because of the restrictive test applied on appeal, his likelihood of ultimate success is greater after favorable decision by the Board than it was prior to the Board's decision. *GMC v. Freeman,* Del.Supr., 3 Storey 74, 164 A.2d 686 (1960); *Johnson v. Chrysler Corp.,* Del.Supr., 213 A.2d 64 (1965); *Air Mod Corp. v. Newton,* Del. Supr., 215 A.2d 434 (1965). No plausible ground has been set forth for treating an injured employee who has received a favorable decision of the Board and whose case is on appeal, less favorably than an injured employee who is awaiting decision from the Board.

It is noted that the Fund is created and maintained by a levy on all workmen's compensation insurers and self-insured employers. 19 *Del.C.* §§ 2395-7. This is the Fund to which the legislature shifted the risk of litigation in the instances where the injured employee has previously been found to be entitled to workmen's compensation.

■■ Based upon the foregoing, I conclude that plaintiff is entitled to compensation out of the Fund during the pendency of an appeal of a determination favorable to plaintiff. The payment under consideration here is required by statute and is not discretionary with the Board. Cf. *State ex rel. Daniel D. Rappa, Inc. v. Buck,* Del. Super., 275 A.2d 795 (1971); *Capital Educators Association v. Camper,* Del.Ch., 320 A.2d 782 (1974).

An order to be presented by plaintiff's attorney after notice or consent will be signed.