Armie Lee STANDLEY, Plaintiff,
Appellant,

v.

BOARD OF EDUCATION OF ALFRED I.
DuPONT SCHOOL DISTRICT, and
Board of Education of New Castle Coun-
ty School District, Defendants, Appel-
lees.

Supreme Court of Delaware.

Submitted Jan. 15, 1980.

Decided June 10, 1980.

John Merwin Bader, Wilmington (argued)
and Terry C. Seningen of Bader, Dorsey &
Kreshtool, Wilmington, for plaintiff-appel-
lant.

Edward M. McNally and P. Clarkson Col-
lins, Jr., Wilmington (argued) of Morris,

James, Hitchens & Williams, Wilmington, for defendants-appellees.

Before DUFFY, McNEILLY and QUILLEN, JJ.

DUFFY, Justice:

This appeal presents two issues for decision: 1) Does a School District have a duty to maintain sidewalks constructed to accommodate the passage of school children on their way to school, and 2) if such a duty exists, does the doctrine of sovereign immunity exempt a negligent School District from liability?

I

The relevant facts are as follows:

Plaintiff Armie Lee Standley was injured when she fell on an allegedly defective sidewalk while walking from her place of employment to a bus stop.[1] The sidewalk had been financed and constructed under 14 Del.C. § 2305, to accommodate the passage of school children attending Lombardy Elementary School, but it was not located on school property.

Plaintiff alleges that the School District had a duty to maintain the sidewalk and that it is liable for its failure to do so. She claims that a duty to maintain "conditions [i. e., the sidewalk] over which the district had exercised a degree of authority or sponsorship," is implied in its express obligation under 14 Del.C. § 1055 to maintain "school property."[2] In addition, plaintiff argues that 14 Del.C. § 2305 creates such a duty in the School District by requiring it to pay for the repair of sidewalks leading to school sites and that duty makes the District "ultimately responsible for repairs."

The Trial Judge rejected plaintiff's claims and granted summary judgment in favor of the School District. He concluded that "[p]laintiff alleges a breach of duty of responsibilities that were not vested in the School District." He went on to note that, "independent of any duty from which the School District was relieved by operation of 14 Del.C. § 2305, its motion [for summary judgment] will still succeed on the basis of sovereign immunity."

Plaintiff then docketed this appeal.

II

■ To begin, we are not persuaded by plaintiff's argument that 14 Del.C. § 1055 implies a duty to maintain non-school property over which a School District has exercised a degree of authority. The Statute reads in full, as follows:

"The school board of each reorganized school district shall provide for the care of the buildings, grounds, equipment, apparatus and other school property and shall maintain the same in accordance with the standards adopted by the State Board of Education. The school board shall make all repairs to *school property*, purchase all necessary furniture and provide for adequate heating and proper ventilation of the buildings." (Emphasis added.)

In our view, the relevant language of the Statute is clear and unambiguous. It assigns to a School District responsibility for "school property"—and that is all. We are unable to find therein a Legislative intention that a School District "make all repairs" to non-school property as well; indeed, if anything, the direct language of the Statute seems to belie such an objective. Consequently, we decline to read into § 1055 a duty to repair the non-school property involved in this litigation. See *McGinnes v. Department of Finance*, Del. Ch., 377 A.2d 16 (1977); compare *Dooley v. Rhodes*, Del.Super., 134 A.2d 260, 262 (1957), aff'd, Del.Supr., 135 A.2d 114 (1957).

---

1. At the time of the accident, plaintiff was employed as a housekeeper for a family which resided in the Alfred I. DuPont School District, now the New Castle County School District ("School District").

   For purposes of the present motion, we assume that the sidewalk was defective. *Wilson v. Tweed*, Del.Supr., 209 A.2d 899 (1965).

2. Plaintiff concedes that the sidewalk on which she fell is not "school property." She argues, however, that the District had exercised a high degree of authority or sponsorship over the sidewalk by recommending that it be constructed and in providing the necessary financing.

�_ In addition, a different statute, 14 *Del.C.* § 2305, specifically deals with the non-school property at issue here, that is, sidewalks leading to school sites, and explicitly covers the duty to maintain such property; it reads in part as follows:

"(a) The engineering, *maintenance* and construction supervision for sidewalks leading to a school site shall be performed for the district by the *State Highway Department* except for snow removal. Such sidewalks may be located on land or rights-of-way under the control of the State Highway Department or on other land or rights-of-way provided for such purpose.

(b) Sidewalks financed by issuance of bonds by a school board may be constructed only after the need for such sidewalks is ascertained by the school board by careful examination of transportation facilities in the district and the project has been approved by the State Highway Department and the State Board of Education." (Emphasis added.)

In our opinion, § 2305 does not make the School District ultimately responsible for the defective condition of the sidewalk on which plaintiff fell. Under this Statute, a School District has only two duties as to sidewalks leading to its school sites: (1) the local District recommends the construction of such sidewalks when it deems appropriate and, (2) after its decision is approved by the State Highway Department and the State Board of Education, the District issues bonds to finance the construction. In so many words, the Statute makes the State Highway Department responsible for, among other things, the maintenance of the sidewalks.

▊ As we see it, on the record before us[3] the General Assembly clearly intended to repose responsibility for sidewalk maintenance in the State Highway Department. That is what the Statute says, *McGinnes v. Department of Finance,* supra, and it is based on the common sense of the matter. The Highway Department is the agency which is required to oversee the entire process of building a sidewalk, from the creation of engineering plans, to actual construction, to maintenance of the property. It is specifically charged, in other words, with the general overall supervision of the sidewalks. Such a responsibility is consonant with the Department's general purpose, that is, it is in the business of constructing and maintaining public ways.[4] In contrast, a School District is in the education business. Its duties have, at best, only an incidental relationship to the way in which a sidewalk is built and maintained.

### III

We hold that neither § 1055 nor § 2305 creates a duty in a School District to maintain sidewalks leading to its school sites. Compare *Hamilton v. State,* Del.Supr., 285 A.2d 807, 809 (1971). Because we have determined that such a duty was not imposed, we do not reach sovereign immunity or other issues argued by plaintiff.

Affirmed.

---

3. The State Highway Department is a defendant in the lawsuit but is not a party in the appeal.

4. 29 *Del.C.* § 8406 creates the Division of Highways in the Department of Transportation. 17 *Del.C.* § 101 et seq. sets forth the powers and duties of the Division of Highways (formerly powers vested in the State Highway Department). 17 *Del.C.* § 131 provides in pertinent part:

"(a) All the *public roads,* causeways, highways, and bridges in this State which have been or may hereafter be constructed, acquired or accepted by the Department of Transportation shall be under the absolute care, management and control of the Department." (Emphasis added.)

17 *Del.C.* § 101(a)(6) provides:

" 'Road' and 'highway' include *any public way* or road or portion thereof any sewer, drain or drainage system connected therewith and any bridge, culvert, viaduct or other construction or artificial way used in connection therewith and *anything which is accessory to any of the same or use thereof.*" (Emphasis added.)