**Daniel HOPKINS, Employer Below, Appellant,**

v.

**Linwood EVANS, Claimant Below, Appellee.**

Supreme Court of Delaware.

Submitted: March 13, 1990.
Decided: June 5, 1990.

---

Robert W. Ralston, Wilmington, for appellant.

Brenda L. Sammons, of Schmittinger & Rodriguez, Dover, for appellee.

Before CHRISTIE, C.J., MOORE, WALSH and HOLLAND, JJ., and JACOBS, Vice Chancellor (constituting the Court en banc).

CHRISTIE, Chief Justice:

This is an appeal from a decision of the Superior Court which reversed a decision of the Industrial Accident Board ("the Board"). The Board found that the receipt of total disability benefits from the Second Injury and Contingency Fund ("the Contingency Fund"), subsequent to an employer's petition to terminate benefits, does not toll the applicable limitation period pursuant to 19 *Del.C.* § 2361(b). In reversing the decision of the Board, the Superior Court held that benefits received by an employee from the Contingency Fund are considered compensation and therefore do toll the limitation period. For the reasons explained below, we affirm the decision of the Superior Court.

Linwood Evans ("employee") sustained a compensable industrial accident on April 20, 1972 while employed by Daniel Hopkins ("employer"). Evans received workmen's compensation benefits from the employer until April 20, 1979 when the employer filed a petition with the Board to terminate the benefits. After a hearing on November 1, 1979, the Board terminated Evans's benefits as of the April 20, 1979 date. Evans appealed the Board's decision to the Superior Court. The court remanded the case to the Board for additional factual findings as to the employee's status as a displaced worker. A second hearing was held before the Board on June 15, 1982. The Board again terminated Evans's benefits as of April 20, 1979. This decision of the Board was not appealed to the Superior Court.[1]

Because the case was unresolved from April 20, 1979 until June 28, 1982, Evans received benefits from the Contingency Fund during that time pursuant to the provisions of 19 *Del.C.* § 2347.[2]

---

1. Evans failed to appear at the second hearing. The Board found, based on medical testimony and the testimony of a private investigator, that Evans had no medical limitations resulting from his industrial accident, he had returned to work, and he could engage in strenuous activity. The Board also found that Evans was not a displaced worker.

2. 19 *Del.C.* § 2347 provides in pertinent part:

Compensation shall be paid by the Board to the employee after the filing of the employer's petition to review from the Industrial Accident Board Second Injury and Contingency Fund until the parties to an award or agreement consent to the termination or until the Board enters an order upon the employer's petition to review. After the parties to an award or agreement consent to the reinstatement of compensation or, after the employer withdraws its petition, or, if the Industrial

On May 14, 1985, Evans filed with the Board a petition for additional compensation. The employer raised the issue of the five-year statute of limitations contained in the provisions of 19 *Del.C.* § 2361(b).[3] He contended that more than five years had elapsed since April 20, 1979, the date on which he last paid benefits to Evans and, therefore, Evans's petition was barred by the applicable limitation period. After a hearing, the Board denied Evans's petition, concluding that it was barred by the five-year statute of limitations because the benefits paid out of the Contingency Fund (through June, 1982) were deemed not to be compensation as that term is defined in the statute. The Board further reasoned that the payments "were not made as a result of payments for which a receipt is required by the Board or under an award of the Board or under an agreement approved by the Board." Therefore, the limitation period began to run on April 20, 1979 and had expired prior to May 14, 1985 when Evans filed his new petition.

Evans appealed the decision of the Board to the Superior Court, and that court reversed the decision, holding that the receipt of benefits from the Contingency Fund was compensation within the meaning of 19 *Del.C.* § 2361(b) and, therefore, tolled the statute of limitations. The court also noted that the statutory requirement that there be a receipt for the payments was obviated in this case because the Board itself administered and disbursed benefits under the Contingency Fund. The employer has appealed the decision of the Superior Court.

In determining whether the receipt of benefits from the Contingency Fund tolls the applicable five-year limitation period of 19 *Del.C.* § 2361(b), it is first necessary to address the language of the statute. The definition of "compensation" and the requirement of a "proper receipt ... filed with the Board" are the statutory provisions which are at issue in this case.

I.

■ Since neither the statutory language nor previous Delaware case law provides a conclusive answer as to the issue of whether payments from the Contingency Fund are "compensation" within the meaning of 19 *Del.C.* § 2361(b), we hold today that benefits received from the Contingency Fund qualify as compensation for the purposes of the statute. Our conclusion is based in part on our analysis of the legislative purpose behind the creation of the Contingency Fund and on the existing case law which includes as compensation various other benefits received by employees from other sources.

■ The concept of a state-sponsored Contingency Fund has only recently been developed. *See generally Hamilton v. Trivits,* Del.Super., 340 A.2d 178 (1975) (tracing the statutory development of the Contingency Fund). *See also* 19 *Del.C.* § 2341 (statutory provisions describing Contingency Fund procedures). The legislative policy behind the Contingency Fund is to provide compensation to an injured employee until such time as the employee is found not to be entitled to receive the compensation. *Huffman v. C.C. Oliphant & Son, Inc.,* Del.Supr., 432 A.2d 1207 (1981); *Hamilton,* 340 A.2d at 180. An employee is also entitled to compensation from the Contingency Fund during the pendency of an appeal of a determination favorable to the employee. *Hamilton,* 340 A.2d at 181. Because the Contingency Fund is maintained by taxes levied on all workmen's compensation insurers and self-

---

Accident Board orders the employer's petition dismissed, the employer shall repay to the Industrial Accident Board Second Injury and Contingency Fund the amount paid out by the Board. A petition to review must be withdrawn whenever the parties to an agreement settle the claim without a hearing before the Board or whenever an employee consents to a termination after a petition to review has been filed with the Board.

3. 19 *Del.C.* § 2361(b) states:

Where payments of compensation have been made in any case under an agreement approved by the Board or by an award of the Board, no statute of limitation shall take effect until the expiration of 5 years from the time of the making of the last payment for which a proper receipt has been filed with the Board.

insured employers, employers remain at least indirectly responsible for whatever compensation employees receive during the pendency of a workmen's compensation claim. The employer must, however, reimburse the Contingency Fund if it is ultimately determined that the employee is still entitled to compensation. 19 *Del.C.* § 2347; *Hamilton,* 340 A.2d at 180. With these purposes in mind, the statute of limitations provision of § 2361(b) must be liberally construed.

Delaware courts have been consistent in their construction as to what types of payments constitute "compensation" and "award of benefits" under the statute. In the case of *Starun v. All American Engineering Co.,* Del.Supr., 350 A.2d 765 (1975), this Court held that the payment of medical expenses by the insurance carrier for the employer to an employee (even without an actual agreement between the parties) was considered compensation. Thus, for purposes of the five-year limitation period contemplated by § 2361(b), that time period was deemed to have begun to run on the date the last medical payment was made. *Id.* at 768. Further, compensation as used in workmen's compensation statutes has been defined as "a technical term which includes all payments conferred under such an Act upon an injured employee...." *Berryman v. John F. Casey Co.,* Del.Super., 251 A.2d 565, 567 (1969). The receipt of benefits from the Contingency Fund was indeed compensation within this definition. As the Superior Court noted, "to a claimant receiving disability benefits, there is no practical difference between receiving compensation from an employer/carrier or from the Second Injury Fund. In either case, the amount, frequency, and duration of the payments are all determined by either the original agreement approved by the Board or by an award of the Board." We hold, therefore, that the benefits Evans received from the Contingency Fund are compensation within the meaning of 19 *Del.C.* § 2361(b).

## II.

■ The employer also contends that even if Evans has received compensation by virtue of the payments from the Contingency Fund, the statute of limitations is not tolled because the employee failed to present the Board with a proper receipt. Evans contends that a receipt is not necessary in this case because the Board itself administers the Fund and must necessarily be aware of such disbursements.

We find that under the circumstances of this case the employer cannot rely on the "proper receipt" provision. This Court has previously held that the statute does not specify situations in which a receipt is required to be filed with the Board, nor does it specify who has the duty to file the receipt. *Catalytic Construction Co. v. Balma,* Del.Supr., 317 A.2d 872, 874 (1974). Further, the language of § 2361(b) has been interpreted as providing "that the five year limitation period begins at the making of the last payment for which a proper receipt *as required by the Board* has been filed." *Id.* (emphasis in original).

Although no receipt was filed in this case, there is no indication from the record that a receipt was required by the Board. As Evans contends, the Board is aware of the funds which are being paid to the employee from the Contingency Fund because the Board administers all such disbursements. The purpose behind the requirement that a receipt be filed is to give notice to the Board of the dates on which compensation payments are made. Under the circumstances of this case, that requirement is obviated and no additional "receipt" is required.

We have ruled that the payments from the Contingency Fund are deemed to be compensation within the meaning of 19 *Del.C.* § 2361(b). Since the benefits continue until a new agreement is approved or until the benefits are terminated by an order of the court, the payments are included in those types of payments which toll the five-year statute of limitations.

Based on the foregoing, we affirm the decision of the Superior Court and remand the case to the Industrial Accident Board for a hearing on the employee's petition to

consider whether additional compensation is due.