■ Joneses' contention that Chapter 11 is not available to Young because she is not a business enterprise and because she does not operate a business is incorrect. Section 109(d) defines who may be a debtor under Chapter 11 as:

In the Matter of Sherry L. JONES, Debtor.

Bankruptcy No. 86–494.

United States Bankruptcy Court, D. Delaware.

Aug. 6, 1987.

Benjamin F. Shaw, Georgetown, Del., for debtor.

Thomas D. Runnels, Newark, Del., trustee.

### MEMORANDUM OPINION AND ORDER

HELEN S. BALICK, Bankruptcy Judge.

Sherry L. Jones has claimed property totaling $5,408 as exempt in her Chapter 7

bankruptcy case.. The Trustee has objected to this claim contending that 10 *Del.C.* § 4914 limits the exemption to $5,000. Ms. Jones contends that she is entitled to claim not only $5,000 but also those state exemptions which existed prior to the enactment of § 4914, namely 10 *Del.C.* §§ 3502, 4902 and 4903.

Before the enactment of the present Bankruptcy Act, there was available to a debtor in a Delaware bankruptcy proceeding the exemptions allowable under state laws and federal statutes other than the Bankruptcy Act of 1898, as amended. The Bankruptcy Reform Act of 1978 contains a lengthy list of property available to a debtor as exempt property under 11 U.S.C. § 522(d). It also provides that a state can "opt out" of that subsection.

In 1981, the Delaware legislature exercised its right under 11 U.S.C. § 522(b)(1) to limit the amount of exemptions an individual debtor could claim from the bankruptcy estate. It amended Subchapter 1, Chapter 49 of title 10 of the *Delaware Code* by adding a new section as follows:

§ 4914. *Exemptions in Bankruptcy and Insolvency*

(a) In accordance with Section 522(b) of the Bankruptcy Reform Act of 1978 (11 *U.S.C.* § 522(b)), in any bankruptcy proceeding, an individual debtor domiciled in Delaware is not authorized or entitled to elect the federal exemptions as set forth in Section 522(d) of the Bankruptcy Reform Act of 1978 (11 *U.S.C.* § 522(d)) and may exempt only that property from the estate as set forth in subsection (b) of this Section.

(b) In any federal bankruptcy or State insolvency proceeding, an individual debtor domiciled in Delaware shall be authorized to exempt from the bankruptcy or insolvency estate property having an aggregate fair market value of not more than $5,000.00.

(c) This Section shall apply separately with respect to each debtor in a joint proceeding.

Both Debtor and Trustee rely upon the word "only" in subsection (a) for their respective arguments. Debtor acknowledges that she is prohibited from taking the federal exemptions listed in § 522(d). She argues that she is entitled not only to the $5,000 exemption stated in subsection (b) of § 4914 but also to those exemptions which existed prior to the enactment of § 4914 because the legislature did not expressly repeal the pre-existing law and repeal by implication is not favored. This argument is without merit.

The exemption statutes cited by Debtor specifically deal with property that can be claimed exempt in state execution and attachment proceedings and the statutes are still viable. Before the enactment of § 4914, Delaware had no statute specifically dealing with exemptions available to a bankrupt debtor so any state exemption provision was applicable in a bankruptcy case. *See* former 11 U.S.C. § 24. Section 4914 was enacted for the specific purpose of overcoming what many legislators thought were the too generous federal exemptions of § 522(d) while at the same time providing for an amount which would not run afoul of the congressional intent of giving a financially distressed debtor in bankruptcy a "fresh start".

Moreover, the language of the statute is clear and unambiguous. Absent any indication to the contrary, words should be construed according to their usual, ordinary and natural meaning. *Moore v. Chrysler Corporation,* 233 A.2d 53 (Del. 1967); *F. Earl McGinnes v. Department of Finance,* 377 A.2d 16 (Del.Ch.1977). The word "only" as defined in legal and standard dictionaries equates to exclusive. *See Black's Law Dictionary* 1241 (4th ed. 1968); *Websters Third New International Dictionary.*

Thus, an individual debtor in a Delaware bankruptcy case is not entitled to the § 522(d) list of exemptions but in lieu thereof is permitted to exempt from the bankruptcy estate any property having a fair market value of no more than $5,000. 11 U.S.C. § 522(b)(2)(A); 10 *Del.C.* § 4914. Since the debtor's claimed exemptions in excess of $5,000 do not qualify under subsection (b)(2)(B) of § 522 of title 11, she is

limited to the $5,000 exemption. Trustee's objection must be sustained.