IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| CSDCPC 920 FRENCH, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. N18C-01-120 MMJ |
| | ) | |
| CHRISTINA SCHOOL DISTRICT, | ) | |
| CHRISTINA SCHOOL DISTRICT | ) | |
| BOARD OF EDUCATION, | ) | |
| BRANDYWINE SCHOOL DISTRICT, | ) | |
| BRANDYWINE SCHOOL DISTRICT | ) | |
| BOARD OF EDUCATION, COLONIAL | ) | |
| SCHOOL DISTRICT, COLONIAL | ) | |
| SCHOOL DISTRICT BOARD OF | ) | |
| EDUCATION, RED CLAY SCHOOL | ) | |
| DISTRICT, RED CLAY SCHOOL | ) | |
| DISTRICT BOARD OF EDUCATION, | ) | |
| | ) | |
| Defendants. | ) | |

Submitted: December 17, 2018
Decided: January 14, 2019

On Cross Motions for Judgment on the Pleadings

## ORDER

David A. White, Esquire, McCarter & English, LLP, Attorneys for Plaintiff

David H. Williams, Esquire, Morris James LLP, Attorneys for Defendants

**JOHNSTON, J.**

1

Plaintiff CSDCPC 920 French, LLC sought a charitable tax exemption for property in New Castle County ("Property"). New Castle County denied the application for a tax exemption on April 28, 2017. Plaintiff appealed the denial on May 28, 2017.

New Castle County has issued a publication entitled "How to Appeal Your Property Tax Assessment." The publication provides in part:

**Do I have to pay my taxes if my assessment is being appealed:**

While it is up to you, we recommend that you pay your property taxes. Should you choose not to pay and your appeal is denied, penalties will be added to the amount due. If you do pay and your appeal is granted, a credit would be applied to your tax account.

On May 30, 2017, Plaintiff paid the taxes in the amount of $217,264.02 pending appeal.

On October 2, 2017, the County and Plaintiff reached an agreement resolving the appeal. The County granted Plaintiff a tax exemption retroactive from November 14, 2014 (the date Plaintiff purchased the Property) through June 20, 2021.

On November 1, 2017, Plaintiff submitted a request to Christina School District for a refund of the portion of the school taxes allocated to Christiana.[1] The request was in the form of a letter from Plaintiff's attorneys.

---

[1] $184,088.45.

2

The Christina School Board considered Plaintiff's request in closed executive session on December 12, 2017. No deliberations were public. Plaintiff's counsel was limited to two minutes of oral presentation prior to the Board's vote. The Board unanimously voted to deny the request in open session. The Board did not state any reasons for its decision either in writing or during open session.

Section 1921 of title 14 of the Delaware Code provides: "Local county school taxes paid through error or by mistake may be refunded by the school district to which the taxes were paid...."

In *McGinniss v. Department of Finance*, [2] the Court of Chancery interpreted Section 1921.

> The two critical words in the statute in issue are "error" and "mistake". Since no legislative intention to the contrary is apparent, such words should be construed according to their usual, ordinary and natural meaning. *Haddock v. Board of Public Education*, 32 Del.Ch. 245, 84 A.2d 157 (1951). Webster's Third New International Dictionary provides common meanings for each of these terms. The term "error" is therein defined as including an act involving an unintentional deviation from truth or accuracy, or as a mistake in perception, reasoning, recollection or expression. "Mistake" is similarly defined as including a misunderstanding of the meaning or implication of something, or as a wrong action proceeding from faulty judgment or inadequate knowledge.[3]

---

[2] 377 A.2d 16 (Del. Ch. 1977).
[3] *Id.* at 20.

3

Christina argues that the taxes were voluntarily paid by Plaintiff. Thus, there can be no "error" or "mistake" that would entitle Plaintiff to a refund pursuant to Section 1921.

It is undisputed that a tax exempt entity does not owe school district taxes in New Castle County. As of this date, Plaintiff does not owe school district taxes, and did not owe taxes on May 30, 2017, the date Plaintiff remitted the tax payment to avoid the potential for penalties should Plaintiff's appeal be unsuccessful.

The County's tax appeal publication states: "If you do pay and your appeal is granted, *a credit would be applied to your tax account*." (Emphasis added.) Plaintiff paid the taxes pending appeal in reliance on the belief that a refund would be issued if the appeal was successful.

The Court has considered the unique undisputed facts in this case. The Court finds that Plaintiff remitted a tax payment pending appeal in error and based on the mistaken belief that "a credit would be applied" should the appeal be granted.

**THEREFORE, this case is hereby remanded to the Christina School District Board of Education for a determination of Plaintiff's entitlement to a refund of school district taxes in accordance with this opinion.** At the conclusion of the Christina School District's reconsideration of Plaintiff's refund request, and depending on the outcome of such reconsideration, Plaintiff may

4

renew and the Court may reconsider the constitutional issues raised in Plaintiff's Motion for Judgment on the Pleadings.

**IT IS SO ORDERED.**

The Honorable Mary M. Johnston