## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

250 EXECUTIVE, LLC,                          )
                                             )
        Petitioner,                          )
                                             )
            v.                               )
                                             )  C.A. No. N22C-03-190 FWW
                                             )
CHRISTINA SCHOOL DISTRICT                    )
and CHRISTINA SCHOOL                         )
DISTRICT BOARD OF EDUCATION,                 )
                                             )
        Respondents.                         )

Submitted: February 6, 2023
Decided: February 9, 2023

*Upon Respondents Christina School District and Christina School District Board of Education's Motion for Reargument*
**DENIED.**

## ORDER

Daniel F. McAllister, Esquire, MCALLISTER FIRM LLC, 800 North King Street, Suite 203, Wilmington, Delaware 19801, Attorney for Petitioner 250 Executive, LLC.

James H. McMackin, III, Esquire and Michelle G. Bounds, Esquire, MORRIS JAMES LLP, 500 Delaware Avenue, Suite 1500, Wilmington, Delaware 19801, Attorneys for Defendants Christina School District and Christina School District Board of Education.

**WHARTON, J.**

This 9th day of February, 2023, upon consideration of Respondent Christina School District and Christina School District Board of Education's (collectively "the District") Motion for Reargument and the record in this case, it appears to the Court that:

1. 250 Executive, LLC ("250 Executive") brought this declaratory judgment action seeking a refund of nearly $70,000 in erroneously overpaid school taxes that it alleges the District impermissibly kept in violation of 14 *Del. C.* § 1921 (the "Refund Statute").

2. The parties submitted cross-motions for summary judgment on stipulated facts. On January 30, 2023, the Court granted 250 Executive's motion and denied the District's motion.[1] The Court held that while the Refund Statute gave the District the discretion to determine the merits of 250 Executive's refund request, it did not give it discretion to reject a properly filed, meritorious request.[2] The Court further held that because 250 Executive's refund request was properly filed and meritorious, it followed that the District improperly exercised its discretion in denying the request.[3] The Court remanded the matter to the District to submit 250 Executive's refund request to the receiver of taxes in accordance with its Opinion.[4]

---

[1] *250 Executive, LLC v. Christina Sch. Dist., et al.,* 2023 WL 1113221 (Del. Super. Ct. Jan. 30, 2023) (corrected Feb. 1, 2023).
[2] *Id.* at 9.
[3] *Id.*
[4] *Id.*

1

3. The District moves for reargument on two grounds.[5] First, it alleges that the Court's decision, while correctly recognizing the District's discretionary role in resolving refund requests, has resulted in a manifest injustice because it "simultaneously impos[ed] hard and fast rules as to the exercise of that discretion."[6] The District contends that the Court improperly limited the Districts discretion to "'determining if the refund request contains all of the statutorily required information and if the taxpayer paid the taxes erroneously or mistakenly in the amount of the requested refund.'"[7] According to the District, the Court eliminated its ability to "factor 250 Executive's lack of diligence [in seeking a refund]," thereby "turning the District's role in the refund process to one of formality rather than substance."[8] The related second ground tendered by the District asserts that when the Court found that the District lacked a legitimate basis to deny the refund request, it misapprehended the facts and ignored legal principles[9] Specifically, the District argues that the Court ignored 250 Executive's role in failing to identify the overpayment for thirteen years and the District's role as an uninvolved third party.[10]

---

[5] Mot. for Rearg., D.I. 34.
[6] *Id.* at 2.
[7] *Id.* (quoting the *250 Executive, LLC,* 2023 WL 1113221 at *8).
[8] *Id.* at 2-3.
[9] *Id.* at 4.
[10] *Id.*

4. Pursuant to Superior Court Civil Rule 59(e), a motion for reargument will be granted only if the Court has "overlooked a controlling precedent or legal principles, or the Court has misapprehended the law or facts such as would have changed the outcome of the underlying decision."[11] A motion for reargument is not an opportunity for a party to either rehash arguments already decided by the Court or to present new arguments the moving party could have raised previously.[12] Therefore, to succeed on such a motion, the moving party "has the burden of demonstrating newly discovered evidence, a change in the law or manifest injustice."[13]

5. The Court is unpersuaded by either of the District's arguments. Both arguments are predicated on the notion that the District is now precluded from taking into consideration 250 Executive's delay in seeking a refund. The Court addressed the issue of a time-bar in its Memorandum Opinion and found that unlike statutes in several other jurisdictions, the Refund Statute has no time-limiting language and that 250 Executive did not delay once it discovered the County's mistake in assessing its property.[14] Thus, to the extent the District was precluded from considering the

---

[11] *Janeve Co., Inc. v. City of Wilmington*, 2009 WL 2386152, at *1 (Del. Super. Ct. July 24, 2009) (quoting *Reid v. Hindt*, 2008 WL 2943373, at *1 (Del. Super. Ct. July 31, 2008)).

[12] *Reid*, 2008 WL 2943373, at *1 (citations omitted).

[13] *Id.* (quoting *State v. Brooks,* 2008 WL 435085 at *2 (Del. Super. Ct. Feb. 12, 2008).

[14] *250 Executive, LLC,* 2023 WL 1113221 at *4.

timing of 250 Executive's request, it was because the Refund Statute did not give it that authority.

6.	The District claims the Court's decision is inconsistent, in that it held that the Refund Statute "'implicitly confers the District with some authority,'" but, by limiting its discretion, the Court reduced the District's role to "'a mere pass-through.'"[15]	The District misreads the Court's decision.	The Refund Statute requires a request for a refund be submitted to the District under oath or affirmation, stating the payment of taxes, by whom the taxes were paid, the date of the payment, and why the taxes were paid in error.[16]	The Court's decision should not be read to preclude the District from exercising its discretion in determining the validity of the information submitted by the taxpayer, including whether and why the taxes were paid in error.	In fact, the Court observed that it fully expected the District to encounter situations where issues might arise concerning the validity of requests, especially concerning whether the taxes were paid erroneously or mistakenly.[17] "The Court does not intend to preclude the District from exercising its discretion in making factual determinations in those situations."[18]	The Court, however, does intend to insure compliance with the Refund Statute by precluding the District from

---

[15] Mot. for Rearg. at 3-4 (quoting *250 Executive, LLC,* 2023 WL 1113221 at *7), D.I. 34
[16] 14 *Del. C.* § 1921.
[17] *250 Executive* at *8 n. 88.
[18] *Id.*

4

arbitrarily denying all refund requests simply because it believes it needs the money more than the taxpayer.[19]

7. The District argues that the Court has deprived it of discretion, but, in reality, it never purported to exercise any discretion. Like all other requests for refunds of allegedly overpaid taxes, the board voted to reject 250 Executive's refund request.[20] 250 Executive claims that the District "asked no questions" and that after rendering its decision "did not state their reasons on the record for their vote or their decision."[21] In its answer to 250 Executive's Amended Complaint, the District wrote that "[a]ny characterization of the hearing is denied as stated."[22] The District did not explain in any of its written submissions or during oral argument what, if any, criteria were used to evaluate the merits of the refund request. Certainly, in this litigation, it has not produced a transcript or correspondence where the District explained its decision. The record is barren of anything to support an argument that the timing of 250 Executive's request was a factor in the District's denial.

8. Relatedly, the Court did not ignore 250 Executive's alleged culpability in failing to remedy the overpayment. The District simply never justified its denial on that basis, or any other basis for that matter, when it denied 250 Executive's

---

[19] *Id.* at 4.
[20] Op. Br. at ¶ 7–8.
[21] Am. Compl., at ¶ 17, D.I. 5.
[22] Ans. to Am. Compl., at ¶17, D.I. 6.

5

request. The District now complains that it was deprived of an opportunity to exercise the discretion it never exercised in fact. As the Court wrote:

> If the District is vested with discretion, that discretion necessarily is circumscribed by a requirement that it be exercised reasonably by evaluating requests in good faith and making decisions based on their merits…Here the District denied an application in the proper form that clearly established that 250 Executive paid taxes mistakenly or erroneously. **It did so without justification or explanation** (emphasis added.)[23]

Now that it is involved in litigation, the District is asking the Court to permit it to retroactively apply a discretionary gloss on what was, at the time, an arbitrary decision. The Court declines that request.

9. The District also argues that the Court misapprehended facts and ignored legal principles when it failed to consider that the District was blameless in creating the mistake that resulted in 250 Executive's overpayment.[24] On the contrary, nothing in the language of the Refund Statute limits refunds to taxes overpaid only as a result of errors for which the District is blameworthy, nor has the District cited to any such language. The Court appreciates that, unlike in *McGinnes v. Dep't of Finance*,[25] the District here did not cause 250 Executive's overpayment.

---

[23] *250 Executive* at *7.
[24] Mot. for Rearg. at 4-5, D.I. 34.
[25] 377 A.2d 16 (Del. Ch. 1977).

Nonetheless, it was the recipient of the erroneous overpayments and it is not entitled to keep them.[26]

10.    Accordingly, the Court finds that it did not "overlook controlling precedent or legal principles" or "misapprehend the law or facts such as would have changed the outcome of the underlying decision," nor has the District demonstrated that it has suffered a manifest injustice.


**THEREFORE**, Christina School District and Christina School District Board of Education's Motion for Reargument is **DENIED**.

**IT IS SO ORDERED.**


/s/ *Ferris W. Wharton*
Ferris W. Wharton, J.

---

[26] See *250 Executive, LLC,* 2023 WL 1113221 at *8.